Respublica v. Mulatto Bob.

---

## *SEPTEMBER TERM, 1795.                    [*145

---

### RESPUBLICA *v.* MULATTO BOB.

#### *Murder.— Witness.*

Although murder in the first degree is, by the act of assembly, confined to the wilful, deliberate and premeditated killing of another, yet, the intention remains, as much as ever, the criterion of the crime.

A slave is not a competent witness.

INDICTMENT for murder of the first degree.   The charge of the court was delivered by the Chief Justice, who stated the facts and the law to the following effect :(b)

McKEAN, Chief Justice.—The evidence in this case may be comprised in a few words.   It appears, that a wedding being fixed for Easter Monday, a considerable number of negroes assembled ; and about 10 o'clock at night, a quarrel arose between mulatto Bob, the prisoner at the bar, and negro David, the deceased.   For awhile, the parties fought with fists ; and the prisoner was heard to exclaim " enough !"   The affray, however, became general, and continued so for some time.   When it was over, the prisoner went to a neighboring pile of wood, and furnished himself with a club ; he was advised not to use it, but he declared that he would, and entered the crowd with it in his hand ; after remaining there about ten minutes, he left the crowd, without his club ; and again repairing to the wood-pile, took up an axe ; being likewise dissuaded from returning to the crowd with the axe, he said " he would do it ;" and striking the instrument, with great passion, into the ground, " swore, that he would split down any fellows that were

---

(b) During the trial, the counsel for the prisoner offered a negro slave as a witness in his favor ; but, the attorney-general objecting to his competency, he was rejected, without argument: and it was said by McKEAN, Chief Justice, that it was a settled point at common law, that a slave could not be a witness, because of the unbounded influence of his master over him; which was, at least, equal to duress; that the act of assembly was in aid of the common law, not to change its principles; and that it would be difficult to administer an oath to a slave, for want of knowing any religion he professed.

[1] Thomas *v.* Shoemaker, 6 W. & S. 179.  The word "month," in a statute, means a calendar month.   Moore *v.* Houston, 3 S. & R. 169.

saucy." Accordingly, he mixed once more among the people ; a struggle *was immediately heard about the axe ; the prisoner then struck the deceased with it, on the head ; the deceased fell ; and as he was attempting to rise, the prisoner gave him a second blow on the head, with the sharp edge, which penetrated to the brain. After languishing three days, death was the consequence of this wound.

From these facts, we are to inquire, what crime the prisoner has committed ? Murder, in the first degree, is the wilful, deliberate and premeditated killing of another. (a) There are various inferior kinds of homicide ; but on the present indictment, our attention is confined to a consideration of the highest, and most aggravated description of the crime. Then, let us ask, did the prisoner wilfully kill the deceased ? It is not pretended, that there was any accident in the case ; and therefore, the act must have been wilful. Was the killing deliberate and premeditated ? or was it the effect of sudden passion, produced by a reasonable provocation ? There had been a combat with fists ; but this was over, when the prisoner, without any new provocation, first procured a club, and losing that weapon, afterwards armed himself with an axe. It cannot surely be thought, that the original combat was a sufficient provocation for the prisoner's taking the life of his antagonist. An assault and battery may, indeed, be resisted and repelled, by a battery more violent ; but the life of a fellow-creature must not be taken, unless in self-defence.

It has been objected, however, that the amendment of our penal code, renders *premeditation* an indispensable ingredient, to constitute murder of the first degree. But still, it must be allowed, that the intention remains as much as ever the true criterion of crimes, in law, as well as in ethics ; and the intention of the party can only be collected from his words and actions. In the present case, the prisoner declared, that he would split the skull of any fellows who would be saucy ; and he actually killed the deceased, in the way which he had menaced. But let it be supposed, that a man, without uttering a word, should strike another on the head with an axe, it must, on every principle by which we can judge of human actions, be deemed a premeditated violence.

The construction which is now given to the act of assembly on this point, must decide, whether the law shall have a beneficial or pernicious operation. Before the act was passed, the prisoner's offence would clearly have amounted to murder; all the circumstances implying that malice which is the gist of the definition of the crime at common law ; and if he escapes with impunity, under an interpretation of the act, different from the one which we have delivered, a case can hardly occur to warrant a conviction for murder in the first degree.[1]

*Tenderness and mercy are amiable qualities of the mind ; but if they are exercised and indulged, beyond the control of reason, and

---

(a) 3 Smith's Laws, 187.

[1] In murder, if an intention to kill exist, it is *wilful ;* if the intention be accompanied by such circumstances as evince a mind fully conscious of its own purpose and design, it is *deliberate ;* and if sufficient time be afforded to enable the mind fully to frame the design to kill, and to select the instrument, or to frame the plan to carry this design into execution, it is *premeditated.* Commonwealth v. Drum, 58 Penn. St 9 · Green v. Commonwealth, 83 Id. 75.

the limits of justice, for the sake of individuals, the peace, order and happiness of society, will inevitably be impaired and endangered. , So far as respects the prisoner, I lament the tendency of these observations; but so far as respects the public, I have felt it a sacred duty to submit them· to your consideration.

Verdict, guilty.(a)

---

(a) This indictment was tried at Easton, on the 21st of June 1795, before McKEAN, Chief Justice, and SMITH, Justice.